IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FRANK M. SULLIVAN, III and<br>SURVIVOR MUSIC, INC.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>JAMES M. PETERIK,<br><br>　　　　Defendants. | Case No. 16 cv 309 |

## COMPLAINT

Frank M. Sullivan, III and Survivor Music, Inc., for their complaint against James M. Peterik ("Peterik") allege as follows:

## NATURE OF THE CASE

1. This is an action for breach of contract; federal trademark infringement and unfair competition in violation of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a); and violation of Illinois deceptive trade practice and consumer fraud statutes, arising from Peterik's use of the mark SURVIVOR in promoting musical performances and other goods and services.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction of the plaintiffs' federal claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§1331 and 1338(a) and (b). This Court has supplemental jurisdiction of the plaintiffs' state law claims

1

pursuant to 28 U.S.C. § 1367, as those state law claims arise from the same core facts and are part of the same case or controversy as the federal claims.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as Peterik is a resident of this district, a substantial part of events given rise to the actions complained of occurred in this district, and Sullivan and Survivor Music, Inc. are being injured in this district.

## PARTIES

4. Sullivan is an individual residing in Palatine, Illinois. Sullivan is a founding member of the musical band SURVIVOR. Sullivan is the owner of the trademark SURVIVOR, which he has used since 1977.

5. Survivor Music, Inc. is an Illinois corporation, with a principal place of business in Mokena, Illinois. Sullivan is Survivor Music, Inc.'s sole shareholder and director. As described below, Survivor Music, Inc. is the exclusive licensee of the SURVIVOR mark.

6. Peterik is an individual residing in Burr Ridge, Illinois.

## FACTS

7. The musical band SURVIVOR was formed in 1977, with Sullivan, Peterik, and three other musicians as original members. The band was initially organized as a partnership. On February 4, 1994, Sullivan and Peterik, as the only remaining original members of the band, formed Survivor Music, Inc.

8. Over the last four decades, SURVIVOR has recorded and publicly performed numerous songs, which were and continue to be distributed worldwide. One of SURVIVOR's singles, "Eye of the Tiger," was the principal

theme song for the movie *Rocky III* and achieved number one status in the United States and throughout the world. The song won Grammy and People's Choice awards and was Oscar-nominated.

9. On November 9, 1995, Sullivan and Peterik executed an agreement granting to Survivor Music, Inc. an exclusive license to use the mark SURVIVOR. A true and correct copy of the November 9, 1995 agreement ("Agreement") is attached as Exhibit 1. The license to Survivor Music, Inc. is to continue through the later of December 31, 2025 or the term of the mark and any renewals.

10. The Agreement further prohibits Sullivan and Peterik from using the name SURVIVOR in any way without the written consent of the board of directors of Survivor Music, Inc., and similarly prohibits each party, in the event of his departure from the band, from using the name SURVIVOR "in any way in conjunction with any post-departure activities" so long as the license is in force.

11. In 1996, Peterik voluntarily departed from SURVIVOR. As required by the November 9, 1995 Agreement, Peterik transferred his shares in Survivor Music, Inc. to the corporation, leaving Sullivan as the sole shareholder and director of the corporation.

12. Effective July 4, 1996, Peterik assigned to Sullivan all of his right, title and interest in the SURVIVOR mark. A true and correct copy of the Trademark Assignment is attached as Exhibit 2. Since that time, Sullivan has continued to perform and record as SURVIVOR and has continued to act as the sole shareholder and director of Survivor Music Inc.

13. Further, since 1996, Survivor Music, Inc. has continued to exercise its rights under the license granted in 1995, which remains in full force and effect.

14. Following Peterik's assignment of all rights in the SURVIVOR mark and departure from the band, Sullivan obtained federal registrations of the mark (Registration Nos. 2,489,712 and 3,638,169).

15. Despite Peterik's voluntary departure from the band and relinquishment of all ownership interest in Survivor Music, Inc. and in the SURVIVOR mark, he has used the SURVIVOR mark in connection with and to promote his post-departure activities in Illinois and in interstate commerce, without authorization from Sullivan or from Survivor Music, Inc. For example, his booking agent, Paradise Artists, promotes Peterik's solo career with the description, "co-founder of SURVIVOR," and Peterik's autobiography is subtitled, "The Rock 'N' Roll Life of Survivor's Founding Member."

16. Peterik's continuing, unauthorized use of the mark SURVIVOR in connection with his musical performances creates the misleading impression that Peterik remains a member of or is otherwise affiliated with the band SURVIVOR.

## COUNT I

### Breach of Contract

1-16. Plaintiffs reallege Paragraphs 1 through 16 above as paragraphs 1 through 16 of Count I.

17. The November 9, 1995 Agreement is valid, and Sullivan has fulfilled all conditions precedent to its enforcement.

4

18. Peterik's unauthorized use of the mark SURVIVOR® to promote his solo performances and career following his departure from the band constitutes a breach of at least paragraphs 2(c) and 6(d)(ii) of the Agreement.

19. Sullivan has been and will continue to be irreparably harmed by Peterik's use of the SURVIVOR mark in breach of the parties' Agreement, which will continue unless enjoined by the Court. Sullivan has no adequate remedy at law for Peterik's on-going breaches of the Agreement.

20. As a result of Peterik's conduct, Sullivan has been damaged.

## COUNT II

### Trademark Infringement - Violation of 15 U.S.C. Section 1114(1)

1-16. Plaintiffs reallege Paragraphs 1 through 16 above as paragraphs 1 through 16 of Count II.

17. Peterik's willful and unauthorized use of the SURVIVOR mark in interstate commerce to market and promote his post-departure activities, including his solo performances and autobiography, is likely to cause confusion among the public as to his current sponsorship or approval by Sullivan or Survivor Music, Inc., in violation of 15 U.S.C. § 1114(1).

18. Sullivan and Survivor Music, Inc. have been and will continue to be irreparably harmed by Peterik's unlawful acts, which will continue unless enjoined by the Court. The plaintiffs have no adequate remedy at law for the on-going infringement of the SURVIVOR mark.

19. As a result of Peterik's infringement of the SURVIVOR mark, Sullivan and Survivor Music have been damaged.

5

## COUNT III

**Federal Unfair Competition – Violation of 15 U.S.C. § 1125(a)**

1-16. Plaintiffs reallege Paragraphs 1 through 16 above as paragraphs 1 through 16 of Count III.

17. Peterik's willful and unauthorized use of the SURVIVOR mark in interstate commerce to market and promote his solo music and writing career constitutes the use of a misleading representation of the origin of his services as originating from or being connected with Sullivan and Survivor Music, Inc. That use is likely to cause confusion as to Peterik's affiliation, connection or association with Sullivan and Survivor Music, Inc., in violation of 15 U.S.C. § 1125(a).

18. Sullivan and Survivor Music, Inc. have been and will continue to be irreparably harmed by Peterik's unlawful acts, which will continue unless enjoined by the Court. The plaintiffs have no adequate remedy at law for Peterik's on-going deceptive practices.

19. As a result of Peterik's conduct and unfair competition, Sullivan and Survivor Music have been damaged.

## COUNT IV

**Violation of the Uniform Deceptive Trade Practices Act**

1-16. Plaintiffs reallege Paragraphs 1 through 16 above as paragraphs 1 through 16 of Count IV.

17. Peterik's willful and unauthorized use of the SURVIVOR mark in Illinois to market and promote his solo music and writing career is likely to cause

6

confusion or misunderstanding as to the sponsorship or approval of or affiliation or connection with Sullivan and Survivor Music, Inc., in violation of 815 ILCS 510/2(a).

18. Sullivan and Survivor Music, Inc. have been and will continue to be irreparably harmed by Peterik's unlawful acts, which will continue unless enjoined by the Court. The plaintiffs have no adequate remedy at law for Peterik's on-going deceptive practices.

19. As a result of Peterik's conduct and deceptive practices, Sullivan and Survivor Music, Inc. have been damaged.

## COUNT V

### Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act

1-17. Plaintiffs reallege Paragraphs 1 through 17 of Count IV above as paragraphs 1 through 17 of Count V.

18. Peterik's conduct constitutes a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

19. As a result of Peterik's conduct in violation of the Act, Sullivan and Survivor Music, Inc. have been damaged.

## PRAYER FOR RELIEF

WHEREFORE, Sullivan and Survivor Music, Inc. ask that the Court enter judgment in their favor and

1. Order that Peterik, and all those in active concert or participation with him, be preliminarily and permanently enjoined from using the SURVIVOR mark in any manner relating to the promotion of entertainment services or related

7

products that creates a likelihood of confusion or mistake with respect to his affiliation with or connection to Sullivan or Survivor Music, Inc., or to his right to use the SURVIVOR mark.

2. Order that Peterik publicly acknowledge that his goods and services are not sponsored or endorsed by or affiliated or connected with Sullivan and Survivor Music, Inc.

3. Order that pursuant to 15 U.S.C. § 1118, Peterik be required to deliver up to the Court or to the plaintiffs for destruction all labels, packages, brochures, wrappers, advertisements, promotions, letterhead, goods and all other matter in the custody or under the control of Peterik bearing the mark SURVIVOR or any other designation likely to cause confusion with Sullivan and Survivor Music, Inc. or the SURVIVOR mark.

4. Order that pursuant to 15 U.S.C. § 1116, Peterik file with the Court and serve on the plaintiffs, within thirty days after the issuance of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Peterik has complied with the injunction.

5. Award Sullivan and Survivor Music, Inc. damages in an amount to be determined by the Court, and enhanced to reflect Peterik's willful misconduct, including:

    A. All profits received by Peterik as a result of his unlawful actions; and

    B. Any damages sustained by Sullivan and Survivor Music, Inc. as a result of Peterik's unlawful actions.

6.	Award to Sullivan and Survivor Music, Inc. their reasonable attorney fees, disbursements and costs, pursuant to 15 U.S.C § 1117.

7.	Grant such further relief that this Court deem just.

    Respectfully submitted,

    <u>/s/ Annette M. McGarry</u>
    Annette M. McGarry (#6205751)
      amm@mcgarryllc.com
    Marianne C. Holzhall (#6204057)
      mch@mcgarryllc.com
    McGarry & McGarry, LLC
    120 North LaSalle Street, Suite 1100
    Chicago, IL 60602
    (312) 345-4600

    Attorneys for Frank M. Sullivan, III and Survivor Music, Inc.